[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11525
Non-Argument Calendar

_____

D. C. Docket No. 7:10-cr-00234-IPJ-PWG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO DEVAL GLOVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 6, 2012)

Before HULL, EDMONDSON, and BLACK, Circuit Judges.

PER CURIAM:

Antonio Deval Glover appeals the reasonableness of his 160-month

sentence for carjacking, in violation of 18 U.S.C. § 2119. No reversible error has been shown; we affirm.

Glover pleaded guilty to carjacking a female friend's car. Glover held a box cutter to the victim's face, forced his way into the driver's seat, and pushed the victim into the front passenger seat. When the victim tried to grab the keys from the ignition, Glover "held her head, bit her ear, and beat her on the head." Glover then pushed the victim out of the car while it was still moving, dragging her for several feet. A few minutes later, Glover released the victim's two children -- ages four and nine -- from the back seat of the car and into traffic. Glover then drove the car out of state before being apprehended.

We evaluate the reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). Although plain error applies where -- as in this case -- the defendant failed to raise an issue below, see United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005), we have not applied plain error to an inquiry about the reasonableness of a sentence. And it is unnecessary to decide whether plain error applies in this case because Glover's arguments fail under either standard.

Procedural error might exist if the district court improperly calculated the guidelines, based a sentence on clearly erroneous facts, failed to consider the 18

U.S.C. § 3553(a) factors,[*] or failed to explain adequately the sentence.  Gall, 128 S. Ct. at 597.  The district court is not required to discuss or state each section 3553(a) factor explicitly.  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).  A sentence substantively is unreasonable if it "fails to achieve the purposes of sentencing as stated in section 3553(a)."  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors.  Id.

We first conclude that Glover's sentence is reasonable procedurally. Contrary to Glover's appellate argument, the district court considered Glover's allocution statement and the section 3553(a) factors in imposing Glover's sentence.  At the sentencing hearing, the court acknowledged Glover's statements about his history of drug abuse but also expressed concern about Glover's "extremely violent [criminal] record" and the violent nature of the instant offense. Having considered the nature and circumstances of Glover's offense and Glover's history and characteristics, the court explained that the sentence served the

---

[*]Under section 3553(a), a district court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, the defendant's medical and educational needs, the advisory guideline range, the Sentencing Commission's policy statements, and the need to avoid unwarranted sentencing disparities and provide restitution.  See 18 U.S.C. § 3553(a)(1)-(7).

3

purposes of section 3553(a). In particular, the district court concluded that the sentence promoted respect for the law, provided just punishment for the offense, would deter criminal conduct, and was necessary to protect the public from further crimes and to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(2)(A)-(C), (6). Because the district court considered Glover's arguments and had a reasoned basis for imposing his sentence, we are satisfied that the court's explanation of the sentence was adequate. See Rita v. United States, 127 S. Ct. 2456, 2468 (2007) (concluding that in explaining a sentence, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.").

Glover's sentence is also reasonable substantively. His 160-month sentence is within the guidelines range of 140 to 175 months; and, broadly speaking, we expect a within-guidelines sentence to be reasonable. See Talley, 431 F.3d at 787-88 (concluding that, although not per se reasonable, "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). Given the violent nature of Glover's offense and his prior history of violence -- including multiple convictions for harassment, domestic violence, assault, and resisting arrest -- a sentence within the guideline range was needed to reflect the seriousness of the

4

offense, to promote respect for the law, to provide just punishment, to deter Glover from further criminal activity, and to protect the public.  Although Glover asserts that the court failed to consider properly his recent drug rehabilitation as a mitigating factor, the weight to be given a particular factor is left to the sound discretion of the district court absent a clear error of judgment.  See United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).  Because we see no such error, Glover failed to demonstrate that his sentence was substantively unreasonable.

AFFIRMED.